**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 99-4935

ROSA GOMEZ MANCHA,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-98-1237)

Submitted: June 27, 2000

Decided: September 12, 2000

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cain Denny, Charleston, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Miller W. Shealy, Jr., Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following her conviction and sentence for possession with intent to distribute cocaine, Rosa Mancha appeals from the district court's denial of her motion to suppress evidence discovered during an inspection of her apartment. She contends that the inspection was performed by persons acting as agents of the government, and therefore the Fourth Amendment was implicated by the search. We affirm the district court's decision to deny her motion to suppress and therefore affirm Mancha's conviction.

The protection afforded by the Fourth Amendment does not apply to a search conducted by a private individual unless that individual is acting as an agent of the government or with the participation or knowledge of a governmental official. See United States v. Jacobsen, 466 U.S. 109, 113 (1984); Coolidge v. New Hampshire, 403 U.S. 443, 487 (1971). The burden of proving that a private party acted as an agent or instrument of the government is on the defendant. See United States v. Reed, 15 F.3d 928, 931 (9th Cir. 1994); United States v. Feffer, 831 F.2d 734, 739 (7th Cir. 1987).

The facts presented at the suppression hearing were that Mancha received housing assistance from the Department of Housing and Urban Development ("HUD"). She lived at the Boone West Apartment complex, a HUD-subsidized apartment complex owned and operated by Landmark Home and Realty Company, Inc. During an inspection of Mancha's apartment pursuant to the lease terms providing for an inspection every sixty days, the apartment manager and a maintenance person discovered an unauthorized lock on a hall closet door. They removed the hinge pins from the door and removed the door. Inside the closet they saw a cooler. The apartment manager opened the cooler and discovered what was later determined to be cocaine. After closing the cooler, replacing the door, and leaving the apartment, the apartment manager contacted the police. The apartment manager testified that she also conducts sixty-day inspections in a non-HUD-subsidized apartment complex she manages for Landmark and she would have proceeded in the same manner had she discovered an unauthorized lock on a door in one of those apartments.

2

Police officers interviewed the apartment manager and the maintenance person and then sought and obtained a search warrant for Mancha's apartment. Upon returning and executing the search warrant, they located the cocaine and arrested Mancha.

In denying Mancha's motion to suppress, the district court determined that although the inspection was conducted in order to comply with HUD regulations, the apartment manager and maintenance person were not acting as agents of the government when they conducted the inspection of Mancha's apartment. The court noted that the inspection of Mancha's apartment was the same inspection as would have been done in a privately funded apartment, and if a lock were found on a door in the privately funded apartments, the apartment manager and maintenance person would have done the same thing.

On appeal, Mancha contends that because the inspection was performed pursuant to mandatory HUD regulations and using a HUD checklist, the search constituted governmental action and was therefore in violation of the Fourth Amendment. Two critical factors are relevant to whether a private party's search implicates the Fourth Amendment. First, it must be determined whether the government knew of and acquiesced in the intrusive conduct, and secondly, the court must consider the intent of the person performing the search-- whether it was to assist law enforcement or for his or her own benefit. See United States v. Kinney, 953 F.2d 863, 865 (4th Cir. 1992).

The factors that weigh in favor of finding an agency relationship are that the Boone West Apartments are HUD-subsidized. Thus, the sixty-day inspections were performed to meet the HUD regulations. However, the regulations did not require inspections every sixty days; they merely mandated that inspections occur once a year, and at other times as necessary to insure the tenant's compliance with his duty to maintain the apartment. See 24 C.F.R. § 882-516(b) (1999). The fact that Mancha's lease provides that the sixty-day inspections are to comply with HUD regulations is not compelling because the apartment manager testified that sixty-day inspections also are done on the non-HUD-subsidized apartments she manages for Landmark. In inspecting the apartment, the manager used a checklist prepared by HUD. However, there is no evidence that HUD mandated the use of

3

the checklist. Rather, the apartment manager testified that she brought the checklist with her from a previous employer.

While the government arguably "knew" of the intrusive conduct of the inspections by virtue of the regulation requiring an annual inspection, see Kinney, 953 F.2d at 865, that is the extent of the knowledge. There was no specific knowledge that the search was being performed at that specific time or even at sixty-day intervals.

As for the intent of the apartment manager and maintenance person in performing the inspections, we agree with the district court that the inspection and search were performed to benefit Landmark, as opposed to law enforcement officials. There was no evidence that the intent was to assist any law enforcement function. Rather the evidence showed that the apartment manager and maintenance person were in the apartment to conduct a routine inspection. We find that Mancha failed to meet her burden of proving otherwise. See Reed, 15 F.3d at 931; Feffer, 831 F.2d at 739.

Whether an agency relationship exists is a question of fact based on all the circumstances. See United States v. Koenig, 856 F.2d 843, 847 n.1 (7th Cir. 1988). The district court made an explicit factual finding that the inspection was conducted by persons acting as private persons, not government agents, and for their own purposes as opposed to law enforcement purposes when they opened the closet door and the cooler and there discovered the cocaine. This finding was not clearly erroneous. See Ornelas v. United States, 517 U.S. 690, 699 (1996).* Accordingly, we affirm the district court's decision denying Mancha's motion to suppress, and thus affirm her conviction.

---

*Mancha cites Skinner v. Railway Labor Executives' Assoc., 489 U.S. 602 (1989), to support her conclusion that the Fourth Amendment was implicated by the search. In Skinner, the Court held that drug and alcohol testing mandated by the Federal Railroad Administration ("FRA") were subject to the reasonableness requirement of the Fourth Amendment even though the tests were performed by private medical persons rather than government officials. See id. at 633-34. This case is distinguishable in view of the fact that the FRA mandated the testing under specified conditions; whereas here, HUD did not direct the timing or manner of the apartment inspections, but merely required an annual inspection.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5